UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

          Plaintiff,

   v.

CONCERTO HEALTHCARE,

          Defendant.

CASE NO. 3:23-CV-5155-RJB

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Chief Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On February 27, 2023, Plaintiff Tiffany Recinos filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1..

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1, p. 1. Plaintiff receives $1,848 per month in disability, unemployment, workers compensation or public assistance. *Id*. She has $200 in cash on hand, $200 in her checking account, and $8,000 in her savings account. *Id*. at p. 2. Plaintiff has no assets and states her monthly expenses vary. *Id*. Plaintiff states she is "on disability for PTSD, otherwise unemployed." *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In the proposed complaint, Plaintiff states Defendant Concerto terminated Plaintiff's employment in 2019 without just cause. Dkt. 1-1 at 4. She asserts that she had become a liability because she was in three car accidents and had major eye surgery while employed from 2018-2019. *Id*.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous

complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. Dkt. 1-1. Plaintiff's proposed complaint does not appear to adequately state a claim because the claims alleged appear to be barred by her failure to: exhaust administrative remedies, timely file this action, and provide non-conclusory allegations.

First, Plaintiff does not sufficiently allege that she exhausted her administrative remedies prior to initiating this action. Plaintiff was required to file her claims with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in this Court. *See Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (EEOC charge required prior to initiating Title VII action); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (EEOC charge required prior to initiating ADA action); *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3rd Cir. 2007) (Rehabilitation Act adopts Title VII procedures). Plaintiff states she received a Notice of Right to Sue letter in 2020. Dkt. 1-1, p. 8. Despite instructions to do so, she did not attach a copy of the Notice of Right to Sue from the EEOC to the proposed complaint. Without a copy of the Notice of Right to Sue letter, this Court cannot determine if it has subject matter jurisdiction over this matter. *See Arthur v. Whitman Cty.*, 24 F. Supp. 3d 1024, 1031 (E.D. Wash. 2014) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)) ("In order for a court to have subject matter jurisdiction over a Title VII claim, an individual is required to exhaust his administrative remedies by either 'filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.'"). Therefore, Plaintiff

must attach a copy of the Notice of Right to Sue letter to any amended complaint filed in this lawsuit.

Second, Plaintiff was required to file her claims with the EEOC within a specific period following the time the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) (180 or 300-day period for Title VII, ADA, and Rehabilitation Act claims); 29 U.S.C. § 626(d) (180-day period for ADEA claims). Further still, Plaintiff was required to file her action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. §12117; 29 U.S.C. § 626(e). Plaintiff states the unlawful employment action – her termination – occurred in 2019. Dkt. 1-1, p. 6. She states she received the EEOC issued the right-to-sue letter in 2020. *Id*. Even without specific dates, the allegations in the proposed complaint show the claims are untimely. Plaintiff must show cause why this case should not be dismissed as untimely.

Finally, Plaintiff has provided only conclusory allegations related to her alleged wrongful termination. *See* Dkt. 1-1, p. 4. She has failed to provide clarity regarding the nature of her claims and has not provided sufficient allegations to show what happened, when it happened, who was involved, and how those acts violated her rights. As such, Plaintiff has not stated a claim showing she is entitled to relief. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly*, 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level"). In sum, "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005).

Plaintiff is ordered to show cause why this case should not be dismissed for the reasons articulated in this Order. Plaintiff is directed to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and corrects the deficiencies outlined in this Order. The amended complaint should contain a single complaint that includes a short, plain statement explaining the claims in this action. The amended complaint must also show this Court has jurisdiction to hear this case and must explain why the statute of limitations has not run.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

While it appears any attempt by Plaintiff to amend the proposed complaint would be futile, in an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to amend her proposed complaint to try to state a claim. Plaintiff's proposed amended complaint, if any, should be filed on or before April 27, 2023.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to April 27, 2023.

**Conclusion.** If Plaintiff intends to pursue this action, she is directed to file response to this Order and a proposed amended complaint on or before **APRIL 27, 2023**. If Plaintiff fails to file an amended complaint or otherwise respond to this Order, the undersigned will recommend that the Application to Proceed IFP be denied and that the case be closed.

If Plaintiff submits an adequate complaint, the Court will further consider the Application to Proceed IFP. The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 1) for consideration to **APRIL 27, 2023**.

Dated this 29th day of March, 2023.

David W. Christel
Chief United States Magistrate Judge